# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| VALMOUR L. FLANNERY, ) | |
| ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | *Docket No. 06-37-B-W* |
| ) | |
| JO ANNE B. BARNHART, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
|     *Defendant* ) | |

## *REPORT AND RECOMMENDED DECISION*[1]

This Social Security Disability ("SSD") appeal raises the question whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges that he is disabled by a variety of conditions, including post traumatic stress disorder ("PTSD"), was capable as of his date last insured (December 31, 2000) of returning to past relevant work as a die cutter. I recommend that the decision of the commissioner be vacated and the case remanded for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had acquired sufficient quarters of coverage to remain insured through December 31, 2000, Finding 1, Record at 18; that the medical evidence

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 22, 2006, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

established that, as of his date last insured, he had alcohol dependence, an affective disorder and PTSD, impairments that were severe but, excluding the effects of alcohol abuse, did not meet or equal any listed in Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings"), Finding 3, *id.* at 19;[2] that, on the date he was last insured for benefits, he lacked the residual functional capacity ("RFC") to do work that required constant interaction with co-workers, supervisors or the public, Finding 5, *id.*; that his past relevant work as a die cutter did not require the performance of work functions precluded by his medically determinable impairments, Finding 6, *id.*; and that he therefore was not under a disability at any time through the date his insured status expired, Finding 8, *id.* The Appeals Council declined to review the decision, *id.* at 7-9, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge in this case reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work. 20 C.F.R. § 404.1520(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past

---

[2] The administrative law judge characterized the PTSD condition as "rule out post traumatic stress disorder." Finding 3, Record at 19. The phrase "rule out" suggests doubt about the diagnosis; however, at oral argument counsel for the commissioner suggested (correctly, in my view) that the decision should be construed as finding (at Step 2) that the plaintiff had a medically determinable, severe PTSD impairment, *see, e.g., id.* at 16. Thus, I omit the phrase "rule out."

work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service Rulings 1975-1982* ("SSR 82-62"), at 813.

The plaintiff, a Vietnam veteran who has proceeded *pro se* in this matter, lists a number of physical and mental conditions that he contends have disabled him, to wit: PTSD, possibly exposure to Agent Orange, hepatitis C, manic depression, blood-pressure problems, a growth on his kidney, and broken ribs. *See generally* Statement of Errors (Docket No. 10). He also appends to his Statement of Errors copies of newspaper articles discussing (i) road rage and its relationship to intermittent explosive disorder, or IED, and (ii) fibromyalgia. *See* Attach. #2 to *id*. There is no medical evidence in the voluminous record that the plaintiff ever has been diagnosed with road rage, IED, fibromyalgia, any condition resulting from exposure to Agent Orange, a growth on his kidney, or broken ribs. In any event, by the plaintiff's own report, he broke his ribs in 2005, *see* Record at 574 – well after the expiration of his date last insured.

Nonetheless, with respect to his PTSD, the plaintiff complains, *inter alia*, that he cannot understand how he could have received a 100 percent disability rating from the Veterans Administration ("VA") for his PTSD and not have been found disabled for purposes of the instant application. *See* Statement of Errors at [1]. He further points out that the administrative law judge incorrectly stated that he had received no help for his PTSD when, in fact, he had been to programs at the Togus VA hospital. *See id*.

I conclude that the administrative law judge did indeed mishandle evidence concerning the VA's award of disability based on service-connected PTSD, and that the error merits remand.

## I. Discussion

As the administrative law judge noted, *see* Record at 16, by decision dated June 24, 2004 the

VA awarded the plaintiff a 100 percent disability rating, retroactive to October 1996, on the basis of service-connected PTSD, *see id*. at 563-73. The administrative law judge essentially dismissed this finding out of hand, commenting: "As was pointed out to Mr. Flannery at the hearing, the disability evaluation process used by the Social Security Administration differs from that employed by the Veterans Administration." *Id*. at 16; *see also id*. at 580.

This was reversible error. In 2004, this court sided with all federal circuit courts of appeals that had considered the issue in holding that "a determination of disability made by the Veterans' Administration is entitled to some weight in determining a claim for Social Security benefits." *Pinkham v. Barnhart*, 94 Soc. Sec. Rep. Serv. 318, 321 (D. Me. 2004) (rec. dec., *aff'd* Apr. 5, 2004). A failure to accord some weight to a VA disability determination "requires remand." *Id*. at 322. Further, "a passing reference to another agency's disability finding or a perfunctory rejection of it" – precisely what was accorded the VA disability decision in this case – "will not suffice." *Id*. (citation and internal punctuation omitted).

On this basis alone, reversal and remand accordingly are warranted; however, for the benefit of the parties I note several other troubling aspects of the decision below, which I trust will be corrected in the event the case is remanded for further proceedings as I have recommended it should be:

1.  <u>An RFC finding unsupported by substantial evidence</u>. The administrative law judge concluded that, absent substance abuse, the plaintiff's affective disorder and PTSD symptoms mildly restricted his activities of daily living, caused mild to moderate difficulties in his ability to maintain social functioning and resulted in mild difficulties in his ability to maintain concentration, persistence or pace. *See* Record at 18. That finding is unsupported by substantial evidence. A Disability Determination Services ("DDS") examining consultant, Willard E. Millis, Jr., Ph.D., did not focus on

4

the plaintiff's status prior to his date last insured or on the extent to which substance abuse, versus the plaintiff's other mental impairments, impacted his ability to work. *See id*. at 476-79 (Millis report dated December 24, 2003).[3] Two DDS non-examining consultants, David R. Houston, Ph.D., and Scott Hoch, Ph.D., concluded that there was insufficient evidence to assess the severity of his mental impairments prior to his date last insured. *See id*. at 480-93 (Houston report dated January 6, 2004), 541-54 (Hoch report dated April 16, 2004). The VA's detailed decision leading to a 100 percent disability rating was issued subsequent to the Millis, Houston and Hoch reports; from all that appears, none of those experts was asked to review and comment on the impact of this significant new piece of evidence, nor was a medical expert present at the plaintiff's hearing, *see id*. at 579. Further, a report of a May 2004 examination of the plaintiff by a "board of two[,]" on which the VA seemingly heavily relied in issuing its favorable decision, *see id*. at 571, and which itself would have comprised a significant piece of raw evidence, is absent from the Record.

In this vacuum of evidence, the administrative law judge relied, for his RFC finding, on the fact that the focus of treatment of the plaintiff from his alleged date of onset of disability (December 31, 1998) through his date last insured (December 31, 2000) was for his ongoing, severe alcohol abuse. *See id*. at 18. He asserted that as of January 2000 the plaintiff "still had not entered a treatment program for his alleged PTSD, which raises doubt about the severity of his symptoms of that disorder, and his commitment to maintaining the abstinence which was a precondition of treatment for it." *Id.* at 17.

While an administrative law judge is not precluded from "rendering common-sense judgments

---

[3] Dr. Millis did find that (i) as of the date of examination, the plaintiff's short-term memory, concentration and focus appeared to be "quite problematic[,]" perhaps as a result of "his recent termination from substances, his severe PTSD, or a combination of various factors"; (ii) his persistence and pace historically had been "quite problematic[;]" and (iii) his social functioning was affected to the degree that "[a]t this point, the only way that he can deal with people at anything resembling a nonproblematic level is to simply avoid
*(continued on next page)*

about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record[.]" *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). It is far from clear, as a matter of common sense, that (i) active alcohol abuse blots out or otherwise minimizes the impact of coexisting mental impairments, such as PTSD and bipolar disorder, or (ii) in this case, those coexisting mental impairments, as of the plaintiff's date last insured, caused only a need for avoidance of constant interaction with others. In any event, the administrative law judge was simply wrong in stating that the plaintiff had not obtained treatment for his PTSD; the plaintiff attended a day-treatment program for PTSD sufferers in January 2000, well prior to the expiration of his date last insured. *See* Record at 440-54.

    2.    <u>A finding of ability to return to past relevant work unsupported by substantial evidence</u>. The administrative law judge found that the plaintiff could return to his past relevant work as a die cutter, which did not require constant interaction with co-workers, supervisors or the public. *See* Findings 5-6, *id*. at 19. While it is possible that the job of die cutter does not require constant interaction with co-workers, supervisors or the public, there is not a shred of evidence in the voluminous record that this is in fact the case.[4]

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for proceedings not inconsistent herewith.

---

people entirely." Record at 478.

[4] When challenged on this point at oral argument, counsel for the commissioner pointed to pages 79, 90, 108, 109, 110 and 111 of the Record as well as to section 979.281-010 of the Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) ("DOT"). In the cited pages of the Record, the plaintiff was not asked to describe the extent to which the job of die cutter entailed interaction with co-workers, supervisors and the public. Section 979.281-010 of the DOT indicates that dealing with people is not a significant aspect of the job; however, the administrative law judge did not cite to it in support of his finding.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of September, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge